# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

DESTRY JAMES PAYNE,

    *Plaintiff*,    CASE NO. 15-cv-14127

*v.*    DISTRICT JUDGE THOMAS L. LUDINGTON
                           MAGISTRATE JUDGE PATRICIA T. MORRIS

DAWN KLIDA,
KURT ASBURY,
DANIEL GILLMAN,
JOHN DOE, and
JANE DOE,

    *Defendants*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS PURSUANT TO 28 U.S.C. § 1915A

### I.    RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED WITH PREJUDICE**[1] against Defendants Dawn Kilda, Kurt Asbury, Daniel Gillman, John Doe, and Jane Doe[2] because Plaintiff has failed to state a claim upon which relief can be granted.

---

[1] A complaint drafted by a prisoner which is frivolous and fails to state a claim for relief is "amenable to dismissal with prejudice." *Helwig v. Raycroft*, 211 F.3d 1269 (6th Cir. 2000).

[2] The Court recommends that this case be dismissed as to all Defendants, and lists the names of Defendants here for the sake of clarity.

## II. REPORT

### A. Introduction

On May 19, 2015, Plaintiff Destry James Payne filed the instant *pro se* complaint, alleging that Defendants violated his constitutional rights in a variety of ways, mainly relating to his alleged imprisonment following prosecution by county authorities in Bay County, Michigan. (Doc. 1). On December 8, 2015, U.S. District Judge Thomas Ludington ordered that service be directed to all defendants, and referred this matter to the undersigned magistrate judge for consideration of all pretrial matters. (Doc. 5). Plaintiff's complaint was evidently filed on his behalf by his brother, Daniel Payne, who attached to the complaint an "affidavit of truth," including a "character assessment," "situation assessment," and information relating to the instant complaint, which Daniel characterizes as an "amicus curiae letter."[3] (Doc. 1 at PGID 4-9). Also attached is an "amicus curiae open letter" sent by Daniel Payne to the judges of the 74th District Court for the State of Michigan in Bay City, Michigan. (*Id.* at PGID 10-13). Additionally, Plaintiff attaches a document from the "Global Isles Court of Record" which purports to demonstrate, *inter alia*, that federal and state courts lack jurisdiction in criminal and civil matters. (*Id.* at 14-29). Plaintiff's remaining attachments are generally composed of

---

[3] Daniel Payne is neither a plaintiff in this matter, nor is he counsel for Plaintiff. Consequently, it is unclear whether Daniel Payne's statements in his "*amicus curiae*" letter are attributable to Plaintiff. Because the Court finds that Plaintiff's complaint is fatally deficient when considered on its own or in conjunction with Daniel Payne's attached letter, this distinction is ultimately irrelevant.

affidavits of service and a civil cover sheet, in which he asserts that his claim involves civil rights questions which implicate federal question jurisdiction. (*Id*. at 30-41).

### B. Screening Procedure and Standards

On the face of his complaint, Plaintiff appears to be incarcerated in a Michigan jail or prison. Daniel Payne asserts in his "situation assessment" that Plaintiff "has been kept in jail," and has suffered financial and emotional harm as the result of being incarcerated. (Doc. 1 at ID 5). In addition, an offender search conducted on https://vinelink.com confirmed that Destry James Payne is currently incarcerated in the Bay County, Michigan jail. Daniel Payne also asserts that Plaintiff has been subjected to "poor quality water and food provided to him by [the] BAY COUNTY LAW ENFORCEMENT CENTER." (*Id*. at ID 6). In the "Request for relief from damages" section of his letter, Daniel Payne asks that Plaintiff be granted "immediate release . . . on his own recognizance." (*Id*. at ID 9). Plaintiff states in the complaint that he was "false arrested criminally detained under bogus charges kidnapped and unlawfully detained." (*Id*. at ID 1). Plaintiff thus appears to meet the definition of a "prisoner" under 28 U.S.C. § 1915A(c), which states that a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." While Plaintiff's complaint makes few specific allegations against Defendants, it appears that those persons are employed as judges, prosecutors, or other employees of Bay County or the State of Michigan. (*Id*. at ID 1-9).

28 U.S.C. § 1915A provides courts "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and shall "dismiss the complaint if the complaint is . . . frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b)(2). The Court is thus required to dismiss *sua sponte* (*i.e.* "screen") a complaint filed by a prisoner which meets the conditions stated above. Because Plaintiff's complaint falls within the province of 28 U.S.C. § 1915A, the Court will now examine whether his complaint is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant.

### C.    Analysis

The crux of Plaintiff's claim is that he has been unlawfully prosecuted by state authorities who do not possess jurisdiction or power over him; Plaintiff asserts that his "name is pattent [sic] protected," which "requir[es] actual permission to use that name especially in any form of commerce under federal copyright law," and that he did not give "permission to use [his] trademark name." (Doc. 1 at ID 1). Plaintiff also moves for removal of his criminal case to federal court because of "diversity of citizenship." (*Id*. at ID 2). Plaintiff also makes brief reference to an "official registry in Belize," where his "registered trade mark" or "trade name" is apparently located. (*Id*. at ID 3). Regarding the substantive rights at issue, Plaintiff references his "basic constitutional rights," judicial disqualification under Michigan Court Rule 2.003(A)(1), along with violation of "Title

42 U.S. Code Sections 1983, 1984, 1985, and 1986 a 10 year felony for sure." (*Id*. at ID 3).

Daniel Payne further expands these themes in his "*amicus curiae*" letter to the Court, stating that Plaintiff is a "[flesh and blood] man" and that Defendants erroneously sought to "equate the corporate person DESTRY JAMES PAYNE with the natural person to whom I am brother," and that Defendants "forced [Plaintiff] to stand before the court and answer to verbal statements in which wrongs, including the distinction between the corporate person and natural person can be hidden in written records of the proceedings." (Doc. 1 at ID 5). Daniel Payne elsewhere states that "defendant DESTRY JAMES PAYNE is a corporate person, aka a legal fiction, aka a bank account, aka an account created by and maintained by the UNITED STATES OF AMERICA CORPORATION, as well as the fact that the corporate person DESTRY JAMES PAYNE is legally distinct and separate from its intended beneficiary." (*Id*. at ID 8). Daniel Payne also asserts that this "distinction has been argued numerous times and upheld in the U.S. Supreme Court," though he does not provide citations to any such opinions. (*Id*.). He further asserts that, as a natural person, Plaintiff "does not stand under the court's jurisdiction in the proceedings and the court must redirect its proceedings away from the natural person and toward the legally separate and distinct corporate person DESTRY JAMES PAYNE." (*Id*.). In his "request for relief from damages," Daniel Payne asks that the Court remove Plaintiff's criminal case to federal court, dismiss that case "for lack of cause, as well as lack of any United States Trustee representing the plaintiff," order the immediate release of Plaintiff, and investigate Plaintiff's criminal case. (*Id*. at ID 9). Daniel Payne signs his letter "Dan

Payne Living [flesh and blood] man On the lands of Michigan All Rights Reserved." (*Id*.).

In the attached letter to Bay County judges, Daniel Payne makes reference to the "1933 bankruptcy proceedings of the United States of America corporation" which required "all of its licensed franchises, subsidiaries and agents . . . to file likewise, including the STATE OF MICHIGAN corporation," such that Michigan is a "dead corporation" which is "unable to bring legal claims." (Doc 1 at ID 11). Daniel Payne also states that "only trustees for the bankruptcy can legally bring the claims and represent any of the dead corporations, including the STATE OF MICHIGAN," and that the prosecutors and judges who claim to represent Michigan are merely impersonating "one of the few trustees living on the lands of Michigan." (*Id*.). Finally, Daniel Payne makes reference to arrest warrants issued by the "international common law court Global Isles Court of Record." (*Id*. at ID 12).

The Court notes that Plaintiff's legal theories regarding why he is not bound by state law appear to grow out of the "sovereign citizen" movement, which courts around the nation have repeatedly and completely rejected. In *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990), the Seventh Circuit described a plaintiff's argument that he was a "sovereign citizen" thus not subject to federal law as having "no conceivable validity in American law." In *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) the Seventh Circuit Court of Appeals found similar arguments to be "completely without merit" and "patently frivolous." Plaintiff's argument here differs in that he is not seeking to free himself from federal jurisdiction, but rather apparently believes that he is

6

not subject to any criminal laws whatsoever because of a distinction between the fictional, corporate entity DESTRY JAMES PAYNE and the human, Destry James Payne. However, this distinction is nonsensical and false. The "Court of Record" document produced by the unknown "Global Isles Court of Record" delves far deeper into the theory surrounding this mythological, fictionalized legal history. (*Id*. at 16-29). That document, which references the Bible, September 11th conspiracies, British royalty, soccer match fixing, hadron colliders, admiralty law, and the "Debt Jubilee," which allegedly freed all Americans from the obligations imposed by debt. (*Id*.). Deconstructing these statements and Plaintiff's references to them would be no more fruitful than debating the number of angels that can dance on the head of a pin. It suffices to say that no federal court has ever found any validity in the myriad of assertions that may be classified under the heading "sovereign citizen," and that Plaintiff has failed to provide citation to any court decision, state or federal, which supports his assertions.

Plaintiff's claim that he is not subject to the laws of the state of Michigan because of some distinction between corporate personhood and actual personhood is totally spurious, unfounded, and frivolous. As discussed below, it would be sufficient to conclude that Plaintiff's allegations are utterly frivolous and end the inquiry here. However, the Court makes a few fairly obvious observations for the sake of clarity and finality. First, there is no legal distinction between a capitalized and uncapitalized name in criminal matters. *See*, *e.g.*, *United States v. McAtee*, No. 5:13-CR-17, 2013 WL 3364452, at *4 (N.D. W. Va. July 3, 2013) ("This filing alleges that Defendant is not the person named in the criminal charges because the name on the charging documents is in

7

all capital letters . . . . This argument lacks any basis in the law, and in the Court's eyes is utter nonsense."); *U.S. Hoodenpyle*, No. 09-CR-00013-MSK, 2009 WL 1883919, at *1 (D. Colo. June 30, 2009) ("The Defendant is subject to the jurisdiction of this Court regardless of how his name is capitalized in any document."). Second, neither the state of Michigan nor the United States of America is a "corporation" in a business sense. *See United States v. Provost*, No. 1:11-CV-2080 LJO DLB, 2012 WL 1158801, at *3 (E.D. Cal. Apr. 6, 2012) ("[T]he United States, as sovereign, is not a corporation, and it may sue in federal court."); *State of Mich. v. United States*, 40 F.3d 817, 831 (6th Cir. 1994) ("the IRS has acknowledged that states are not corporations, associations, trusts or individuals") (quotations omitted). On the contrary, the United States of America is a nation and Michigan is a state within that nation; neither entity has ever declared bankruptcy. Third, courts of law operate on the basis of statute and case law; there are not magic words like "free man on the land," "stand under," or "[flesh and blood]" which, when invoked, require courts to abandon state and federal law in favor of the magical, unsourced laws asserted by sovereign citizens. Plaintiff's complaint does not fail because he has uttered the wrong incantation, but rather because his claims have no basis in law or fact. Fourth, a person may generally not copyright or trademark their own name. *See* 37 C.F.R. § 202.1(a) (2013); *Turner v. Peterson*, No. C 12–0887 JSW (PR), 2012 WL 2792416, at *1 (N.D. Cal. July 9, 2012) (holding that a "[pro se prisoner plaintiff] cannot trademark or obtain copyright protection for his own name.") (citations omitted). In any case, the existence of a trademark would not prevent a court from exercising jurisdiction over a civil or criminal matter.

The Fourteenth Amendment provides that "[a]ll persons born and naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." Plaintiff's complaint suggests that he has resided in Michigan for some time. Furthermore, Plaintiff appears to have committed violations of Michigan law within the territory of Michigan, and was thus subject to the laws of Michigan. *See Thompson v. Kelly*, No. 2:10-CV-564, 2010 WL 2730887, at *2 (S.D. Ohio July 9, 2010) ("[A] person who moves from one state to another becomes subject to the laws of his new state."). Plaintiff is and was thus subject to both the laws of Michigan and of the United States of America. His claim that he was wronged by the state of Michigan when it exercised its powers to enforce its criminal laws upon him thus does not create a cause of action.

All of Plaintiff's civil rights claims are premised on his sovereign citizen beliefs. He does not allege any facts suggesting that he was denied due process or any other right guaranteed by the laws or constitutions of Michigan or the United States of America. Complaints premised solely on sovereign citizen arguments have "been uniformly rejected by the federal courts." *Smith v. Heyns*, No. 13-14013, 2014 WL 3687119, at *1 (E.D. Mich. July 24, 2014). Furthermore, these arguments have been "recognized as frivolous and a waste of court resources." *Muhammad v. Smith*, No. 3:13-CV-760 MAD/DEP, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014); *see also United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (rejecting an argument similar to that made by sovereign citizens as being "without merit and patently frivolous."). One court in this circuit found that a sovereign citizen's complaint was "patently frivolous" because

9

> the issuance of Plaintiff's birth certificate did not create a fictitious legal entity simply by capitalizing Plaintiff's name, and it certainly did not turn such artificial person into an enemy of the state under the Emergency Banking Relief Act of 1933 or the Trading With the Enemy Act of 1917. . . . The courts repeatedly have rejected such 'redemptionist and sovereign citizen' arguments as utterly frivolous.

*Mallory v. Obama*, No. 1:15-CV-1090, 2015 WL 7722034, at *2 (W.D. Mich. Nov. 30, 2015). Claims premised on sovereign citizen theories may be dismissed without "extended argument," *United States v. Ward*, 182 F.3d 930, 1999 WL 369812, at *2 (9th Cir.1999) (table); *see also United States v. McQuarters*, No. 11-MC-51386, 2013 WL 6095514, at *2 (E.D. Mich. Nov. 20, 2013) (holding that a sovereign citizen arguments are "frivolous, implausible, attenuated, unsubstantial" and "bizarre, conspiracy-oriented theories that . . . do[] not merit extensive discussion."). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

   Because Plaintiff's arguments are premised on sovereign citizen beliefs, there is no arguable basis for his claims, and his case is frivolous. Plaintiff's complaint should thus be dismissed pursuant to the screening procedures established by 28 U.S.C. § 1915A(a)-(c). Since the Court recommends that Plaintiff's complaint be dismissed for frivolousness, it is unnecessary to examine in detail the other reasons, such as the Rooker-Feldman doctrine, abstention or immunity, for which the complaint should also be dismissed.

### D. Conclusion

For the reasons set forth above, I recommend that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** against Defendants Dawn Kilda, Kurt Asbury, Daniel Gillman, John Doe, and Jane Doe.

### III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party

may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.


Date: January 6, 2016						S/ PATRICIA T. MORRIS
											Patricia T. Morris
											United States Magistrate Judge


## CERTIFICATION

    I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: January 6, 2016						By s/Kristen Krawczyk
											Case Manager